UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER LEE MULDER                          CIVIL ACTION

VERSUS                                          NO. 22-789-SDD-RLB

CITY OF PLAQUEMINE LOUISIANA
CITY HALL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 13, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER LEE MULDER                    CIVIL ACTION

VERSUS                                    NO. 22-789-SDD-RLB

CITY OF PLAQUEMINE LOUISIANA
CITY HALL

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* regarding Plaintiff's failure to keep the Court apprised of an address change as required by Local Rule 41(b)(4). On October 13, 2022, Christopher Mulden ("Plaintiff") initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983. (R. Doc. 1).

On October 19, 2022, the Court issued an Order setting a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) (the "Spears Hearing"). (R. Doc. 5). Notice was delivered to Plaintiff electronically and via certified mail to the address provided by Plaintiff.

On November 15, 2022, Plaintiff filed a Motion to Continue the Spears Hearing. (R. Doc. 9). On the same day, the Court issued an Order granting the Motion to Continue and setting the Spears Hearing for December 13, 2022. (R. Doc. 10).[1] Plaintiff did not appear at the Spears Hearing as ordered. (*See* R. Doc. 11).

On January 3, 2023, the Order continuing the Spears Hearing was returned to the Court as undeliverable with notations of "UNDELIVERABLE AS ADDRESSED" and "UNABLE TO FORWARD." (*See* R. Doc. 12).

Pursuant to Local Rule 41(b)(4) of the Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute a cause for dismissal for failure to

---

[1] This notice was also emailed to the Plaintiff at the email address he provided.

prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty (30) days. It has been over 30 days since the aforementioned notice was returned to the Court and no correction has been made by the plaintiff. As a practical matter, the case cannot proceed without an address where the plaintiff may be reached and where he may receive pertinent pleadings, notices or rulings. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims be dismissed, without prejudice, for failure of the plaintiff to prosecute this proceeding and for failure to keep the Court apprised of a current address.

Signed in Baton Rouge, Louisiana, on February 13, 2023.


_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**